UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
At LONDON

Civil Action No. 20-111-HRW

MELODY HOWARD,                                                     PLAINTIFF,

v.                  **MEMORANDUM OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying her application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits in July 2017, alleging disability beginning on August 30, 2012, due to "feet, lower back pain, scoliosis, degenerative disc disease, bulging disc in back, COPD, PTSD, anxiety, depression, left leg" (Tr. 351). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Tommye Mangus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jane Hall, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 44 years old at the time of the hearing decision. She completed two years of college. Her past relevant work experience consists of work as a ward clerk and security guard.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability .

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the lumbar spine, pes planus, plantar fasciitis, coccydynia, chronic obstructive pulmonary disease, obesity, PTSD, anxiety, and depression, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

2

of the listed impairments.

The ALJ further found that Plaintiff could not return to her past relevant work but determined that she has the residual functional capacity ("RFC") to perform sedentary work with the following limitations: no climbing ladders, ropes, or scaffolds; no concentrated exposure to cold temperatures, humidity, or workplace hazards, such as dangerous moving machinery and unprotected heights; no exposure to vibration; no more than occasional pushing or pulling with the left upper extremity or both lower extremities, reaching overhead, climbing ramps or stairs, and balancing; no more than frequent crouching; understanding, remembering, and carrying simple instructions and tasks; adapting to only occasional and gradually introduced workplace changes; and tolerating frequent interaction with co-workers, supervisors, and the public (Tr. 21).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.   Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.   ANALYSIS

### A.   Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.   "Substantial evidence" is defined as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate the opinions of her treating physicians; (2) the ALJ did not adopt the findings from a prior unfavorable decision; and (3) the ALJ's decision is not supported by substantial evidence.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not properly evaluate the opinions of her treating physicians. Specifically, she maintains that the ALJ should have given more weight to the opinions of treating sources Syed Raza, M.D. and Jose M. Echeveria, M.D.

The Commissioner significantly changed the way medical source opinions are evaluated for claims filed on or after March 27, 2017, such as Plaintiff's. As relevant to Plaintiff's claim.

4

*See* 20 C.F.R. § 404.1520c (2017). As an initial matter, the regulations no longer use the term "treating source"; instead, they use the phrase "your medical source(s)" to refer to whichever medical sources a claimant chooses to use. *Id.* More importantly, following notice and comment, the Commissioner chose not to retain the "treating source rule" that could require deference to treating source opinion evidence. 82 Fed. Reg. at 5853. As the agency explained, since adoption of the "treating source rule" in 1991, healthcare delivery has changed in significant ways, and the agency's adjudicative experience has shown that the source of an opinion is no longer the most important factor for determining the persuasiveness of the opinion. *Id.*

In evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017).

Furthermore, while the agency adjudicator—in this case the ALJ—must articulate his or her consideration of all medical opinions, the regulations governing claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 404.1527(c)(2) (2016) and 20 C.F.R. § 404.1527(c)(2) (2017) with 20 C.F.R. § 404.1520c(b) (2017).

Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) Supportability (2) Consistency (3) Relationship with the claimant (which includes) (i) Length of the treatment relationship (ii) Frequency of examinations (iii)

Purpose of the treatment relationship (iv) Extent of the treatment relationship (v) Examining relationship(4) Specialization (5) Other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017).

The ALJ will explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2) (2017). The ALJ must explain in his or her decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.* The ALJ may, but is not required to, explain how he or she considered the other remaining. 20 C.F.R. § 404.1520c(b)(3) (2017).

Plaintiff was seen by Dr. Raza on January 12, 2018 for an ability to do work-related mental assessment. Dr. Raza rated the her poor in remembering work-like procedures and locations, understanding and remembering short, simple instructions, carrying out instructions, understanding and remembering detailed instructions, carrying out detailed instructions, maintaining attention and concentration, performing activities within a schedule, maintaining attendance, work with or near others without being distracted, make simple work-related decisions, complete a normal workday or workweek, performing a consistent pace, interacting with the public, accepting instructions and responding appropriately to criticism, maintaining socially appropriate behavior, responding appropriately to changes in the work setting, being aware of normal hazards and taking appropriate precautions, traveling in unfamiliar places or using public transportation and setting realistic goals or making plans independently of others. (Tr. 761-763).

Plaintiff was seen by Dr. Echeveria on January 10, 2018 for an ability to do work-related

6

activities physical assessment. Dr. Echeveria limited her to occasionally lift and carry no more than 10 pounds and can only frequently lift and carry less than 10 pounds. He also limited her to only be able to stand for less than 2 hours in an 8-hour day and sit for less than 2 hours in an 8-hour day.   He opined that Plaintiff can only sit for 15 minutes before changing position and can only stand for 5 to 10 minutes before changing and would also need to lie down at unpredictable intervals during the day. Further, she can never twist, stoop, or crouch and can only occasionally climb stairs and ladders. (Tr. 747-756).

In sum, both physicians opined that Plaintiff could not perform any type of work. The ALJ declined to give great weight to either opinion. The ALJ cited specifically to the record and found that neither opinion was consistent with or supported by it.   For example, the ALJ pointed out that despite Dr. Raza's opinion of extreme mental impairment, that "Plaintiff had no useful ability to maintain socially appropriate behavior", treatment records establish that she was consistently cooperative, alert, and attentive with clear and coherent thoughts, normal insight and judgment, normal speech and thought content, and no evidence of hallucinations or delusions (Tr. 577-78, 792, 793, 795, 798, 801, 803, 856, 859, 861, 864). In addition, Dr. Raza's notes reveal that recommended treatment included using relaxation techniques such as deep controlled breathing, meditation, and engaging in enjoyable activities (Tr. 793, 801, 803, 857, 861). The ALJ found that such recommendations are inconsistent with having no useful ability at all to carry out short simple instructions or maintain attention and concentration.

Similarly, Dr. Echeveria's notes establish that only conservative treatment was provided to Plaintiff. Further, , Dr. Echeverria consistently found that Plaintiff had low back tenderness but normal sensation, reflexes, and coordination and no deformities or edema (Tr. 485, 488, 493,

7

495, 498, 501, 584, 588, 591, 604, 610, 613, 616, 619, 625, 631). Such benign findings simply do not correspond with the extreme limitations assessed by Dr. Echeverria.

Based upon the record, the ALJ properly discounted these opinions as they lack supportability and consistency, the two most important factors in the evaluation of opinion evidence. *See* 20 C.F.R. § 404.1520c(a)-(c) (2017). The Court finds no error in this regard.

Plaintiff's second claim of error is that the ALJ should have adopted the RFC from a prior unfavorable decision. Plaintiff argues, "[w]hile the [current] decision did limit the claimant to sedentary work, the ALJ failed to address the claimant can only sit six hours per day and stand only two hours per day as addressed in the 2017 decision". Her argument is muddled. In the May 2017 decision, the ALJ found a residual functional capacity for sedentary work and explicitly stated Plaintiff could "sit for 6 hours per workday [and] stand or walk for 2 hours per workday" (Tr. 144). In the current March 2019 ALJ decision, the ALJ found a residual functional capacity for sedentary work which includes in its definition "sitting six hours in an eight-hour day and walking and standing two hours in an eight-hour day." 20 C.F.R. § 404.1567(a). Contrary to Plaintiff's assertion, both RFCs include the same limitations on sitting, standing, and walking. As such, her argument has no merit.

Finally, Plaintiff contends that the ALJ's decision is not supported by substantial evidence. Yet she fails to specify which parts of the decision are so lacking and what evidence fails to meet the standard. Her assertion of error is too vague to assess. To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision.

8

*Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 30th day of July 2021.



Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**